NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

24-P-1358                                        Appeals Court


   AVALONBAY COMMUNITIES, INC.  vs.  KRISTEN VARDENSKI & another[1]
                    (and a consolidated case[2]).


                         No. 24-P-1358.

        Essex.     January 16, 2026. – July 20, 2026.

           Present:  Rubin, Grant, & Hodgens, JJ.


Summary Process, Appeal.  Bankruptcy.  Attorney at Law, Lien.
     Lien.  Landlord and Tenant, Attorney's fees, Habitability,
     Rent.  Practice, Civil, Attorney's fees, Summary process.
     Damages, Breach of implied warranty of habitability.
     Consumer Protection Act, Unfair or deceptive act.  Statute,
     Construction.



     Summary process.  Complaints filed in the Northeast
Division of the Housing Court Department on November 4, 2013,
and July 3, 2015.

     After consolidation, the case was heard by Fairlie A.
Dalton, J.


     Matthew W.H. Wessler for Kristen Vardenski.
     David Levinson for the plaintiff.


     _____

     [1] Michael Vardenski.  He is not a party to this appeal.

     [2] AvalonBay Communities, Inc. vs. Kristen Vardenski.

GRANT, J.  These are cross appeals from judgments of the Housing Court in consolidated summary process actions.  After a bench trial, the judge found that the defendant, Kristen Vardenski (tenant), owed rent to the plaintiff, AvalonBay Communities, Inc. (landlord), and awarded damages to the landlord for rent and attorney's fees.  On the tenant's counterclaims for breach of the implied warranty of habitability and unfair or deceptive business practices, G. L. c. 93A, the judge awarded damages to the tenant, as well as attorney's fees. On appeal, the tenant argues that the judgments violated G. L. c. 235, § 27, by setting off the amount of attorney's fees she owes to the landlord against the amount of attorney's fees the landlord owes to her, which is subject to her attorney's lien. In its cross appeal, the landlord argues that the judgments violated Mass. R. Civ. P. 58 (a), as amended, 371 Mass. 908 (1977) (rule 58 [a]), because they were set forth in two separate documents; the judge erred in finding that the landlord's billing practices violated G. L. c. 93A; and the award of attorney's fees to the tenant was excessive.  We conclude that the judgments impermissibly set off the parties' attorney's fees awards against each other and, therefore, the judgments must be amended to include the full amount of attorney's fees awarded to each party.  We otherwise affirm.

     Background.  We summarize the facts based on the judge's findings after trial.  In September 2012, the tenant entered into a lease for a basement apartment (first apartment) owned by the landlord.  When she moved in, the carpet was wet, and she complained to the landlord.  The landlord tried to remediate the dampness and replaced the carpet, but the problem persisted.  In September 2013, by agreement of the parties, the tenant moved to a different apartment (second apartment) owned by the landlord, this one on the top floor of a building.

     In November 2013, the landlord brought a summary process action alleging that the tenant owed rent.  The tenant filed an answer and brought counterclaims arising from the carpet dampness in the first apartment, including a claim for breach of the implied warranty of habitability.  In December 2013, the parties entered into an agreement for judgment that resolved the issues of possession and rent for the first apartment but specifically reserved all rights to the landlord's claims for attorney's fees and late fees.

     In February 2015, ice dams on the roof of the apartment building caused water to leak into the tenant's living room and two bedrooms.  The tenant told the landlord that she wanted repairs to be done only in her children's bedroom.  The repairs, which were delayed by weather and the unavailability of repair companies, were completed by April 16, 2015.  During this time,

when the tenant paid rent, rather than applying the payment to the current month's rent, the landlord followed a policy of applying each payment to the oldest amount due, which included the disputed attorney's fees and late fees.

In July 2015, the landlord brought a second summary process action alleging that the tenant owed rent. The tenant filed an answer and brought counterclaims including for breach of the implied warranty of habitability and violation of G. L. c. 93A.

By the time of trial, the tenant had moved out of the second apartment, and thus possession was not at issue. After trial on the consolidated cases, the judge found that the tenant owed $11,512.50 in unpaid rent, and that conditions in both apartments amounted to breaches by the landlord of the implied warranty of habitability warranting reduction in the rent for the first apartment by $433.50 and for the second apartment by $976.60. The judge also found that the landlord had violated G. L. c. 93A by applying payments the tenant made not to the current month's rent, but to the oldest amounts due, i.e., the disputed fees. The judge awarded the tenant G. L. c. 93A damages, doubled, in the total amount of $6,589.06. Offsetting the damages the parties owed to each other, the judge found that the tenant owed the landlord a net amount of $3,513.34. On July 27, 2022, judgment for the landlord entered in that amount.

The landlord moved for attorney's fees pursuant to paragraph 21 of the lease, and the tenant moved for attorney's fees pursuant to G. L. c. 93A. The judge awarded attorney's fees to both parties and, in March 2023, two separate amended judgments entered. The judgment for the landlord awarded a total of $43,108.23 (the original damages award, plus interest, plus $36,167.40 in attorney's fees). The judgment for the tenant awarded a total of $49,297.30 ($49,128 in attorney's fees plus $169.30 in costs).

The landlord filed a motion for relief from judgment, arguing that the Housing Court had improperly entered two judgments rather than a single judgment that offset the amounts the parties owed to each other. The judge allowed the motion and, in May 2023, ordered that an amended judgment issue that offset the amounts the parties owed to each other.

The tenant moved to reconsider, arguing that the May 2023 judgment impermissibly set off the attorney's fees awards against each other in violation of G. L. c. 235, § 27, Fifth. The judge allowed the motion to reconsider in part, so that the judgment no longer set off the damages award to the landlord against the attorney's fees award to the tenant but still set off against each other the parties' attorney's fees awards. On February 28, 2024, two amended judgment documents entered. The judgment for the landlord awarded damages, interest, and other

costs, but no attorney's fees, in the total amount of $7,359.26. The judgment for the tenant awarded $12,960.60 in attorney's fees and $169.30 in costs, totaling $13,129.90.[3]  Both the tenant and the landlord timely appealed.

In July 2024, the tenant filed in the Housing Court a suggestion of bankruptcy.

Discussion.  1.  Tenant's appeal.  The tenant argues that the judge violated G. L. c. 235, § 27, Fifth, by ordering that the judgments entered on February 28, 2024, set off against each other the parties' attorney's fees awards.  The landlord counters that § 27 precludes the setoff of attorney's fees only against a judgment, and not against another award of attorney's fees.

This case presents questions of statutory construction, which we review de novo.  See Conservation Comm'n of Norton v. Pesa, 488 Mass. 325, 331 (2021).  In interpreting a statute, we strive to "effectuate the intent of the Legislature" (citation omitted).  Id.  We start with the language of G. L. c. 235, § 27.  It provides as follows:

> "Executions between the same parties may, if required by
> either party, be set off one against the other . . . ; but
> such set-off shall not be allowed --

---

[3] The $12,960.60 amount was computed by subtracting the $36,167.40 attorney's fees award to the landlord from the $49,128 attorney's fees award to the tenant.

". . .

"Fifth, As to the portion of either execution upon which the attorney has a lien under [G. L. c. 221, § 50]."

We read the phrase "the portion of either execution" to mean that, if either execution includes a portion upon which an attorney has a lien, any competing attorney's fees award cannot be set off against it.

That reading is supported by cases construing the attorney's lien statute, G. L. c. 221, § 50.  It "was designed to protect, as a matter of public policy, an attorney's right to compensation for the rendering of legal services."  Ropes & Gray LLP v. Jalbert, 454 Mass. 407, 413 (2009).  The attorney's lien statute provides that

"[f]rom the authorized commencement of an action, counterclaim or other proceeding in any court, . . . the attorney who appears for a client in such proceeding shall have a lien for his reasonable fees and expenses upon his client's cause of action, counterclaim or claim, upon the judgment, decree or other order in his client's favor entered or made in such proceeding, and upon the proceeds derived therefrom."

G. L. c. 221, § 50.  It allows for "three separate and independent bases for the assertion of an attorney's lien," i.e., "(1) upon [the] client's cause of action, counterclaim or claim, (2) upon the judgment, decree or other order in [the] client's favor entered or made in such proceeding, and (3) upon the proceeds derived therefrom" (quotations omitted).  Ropes & Gray LLP, supra at 414, quoting G. L. c. 221, § 50.

The plain meaning of G. L. c. 221, § 50, is that "an attorney's lien must attach to something" (emphasis added). Santander Bank, N.A. v. Warrender, 760 F.3d 130, 133 (1st Cir. 2014). See Kourouvacilis v. American Fed'n of State, County & Mun. Employees, 65 Mass. App. Ct. 521, 521 n.1 (2006) (for attorney's lien to be enforceable, it would be to extent client "received any proceeds derived from her cause of action" [quotations and citation omitted]). In this case, the judge awarded attorney's fees to the tenant pursuant to G. L. c. 93A, and the tenant's attorney was entitled to a lien on the attorney's fees portion of the judgment. See Doe v. Gonpo, 103 Mass. App. Ct. 246, 250 (2023) (cases interpret Massachusetts fee-shifting statutes to "consistently state that fees are awarded directly to the prevailing party, not to the party's attorney").

Conversely, if the tenant has no money to pay the judgment to the landlord, the landlord would receive no proceeds to which its attorney's lien would attach. An attorney's "lien exists only on proceeds obtained by the client in the underlying proceeding; consequently, if there are no such proceeds, there is no lien." Curly Customs, Inc. v. Pioneer Fin., 62 Mass. App. Ct. 92, 97 (2004). In PGR Mgt. Co. v. Credle, 427 Mass. 636, 637 (1998), an indigent tenant owed the landlord more in unpaid rent than the landlord owed the tenant in damages for

interference with quiet enjoyment and attorney's fees. The court ruled that the attorney's fees award to the tenant, upon which her attorney had a lien, could not be set off against the award to the landlord for unpaid rent. Id. at 639-641. "If the setoff were permitted, because the tenant is unlikely to have other funds with which to pay her attorney, the tenant's attorney, rather than the landlord, would bear the expense of the litigation." Id. at 641. Here, permitting a setoff of the tenant's $49,128 attorney's fees award against the landlord's $36,167.40 attorney's fees award would mean that the tenant's attorney would bear the expense of the litigation. That would undermine the purpose of the attorney's lien, which, "by ensuring that lawyers will be compensated for their services, . . . provides access to legal services to clients with colorable claims who otherwise could not afford legal services." Id. at 640.

The landlord further argues in its brief that the tenant "cannot proceed with an appeal relating to the attorney fee award as such Judgments were discharged by the Eastern Tennessee Bankruptcy Court." From documents included in the appendix, the landlord argues that we should infer that the bankruptcy court resolved any issue as to attorney's fees, both those owed to the

tenant and those owed to the landlord.[4]  The tenant counters that because her attorney's lien is a claim in rem, it remains unaffected by the bankruptcy.  See Christakis v. Jeanne D'Arc Credit Union, 471 Mass. 365, 367-368, cert. denied, 577 U.S. 923 (2015).  On the record before us, we cannot determine what impact, if any, the tenant's bankruptcy had on the attorney's fees awards.  See Home Depot v. Kardas, 81 Mass. App. Ct. 27, 28 (2011) ("Although we may take judicial notice of the docket entries and papers filed in separate cases, we may not take judicial notice of facts or evidence brought out in those separate actions").  At oral argument, the landlord conceded that it is the province of the bankruptcy court to determine the effect, if any, of the tenant's bankruptcy on the judgments. The landlord also admitted that it had not filed in the bankruptcy court any proof of claim for its attorney's fees.  In those circumstances, we will not conclude, as to either party, that the judgments for attorney's fees have been discharged.

2.  Landlord's appeal.  a.  Separate judgments.  The landlord argues that the Housing Court violated rule 58 (a) by

---

[4] The Housing Court docket contains the tenant's suggestion of bankruptcy, but no other documents from the bankruptcy court. Included in the record appendix are documents that appear to be the tenant's bankruptcy petition and the bankruptcy court's order of discharge.

entering two judgments, one for the landlord and one for the tenant.

Rule 58 (a) provides that, with certain exceptions not relevant here, "[e]very judgment shall be set forth on a separate document."  The purpose of that language is not to require that a judgment be set forth on a single piece of paper, but rather "to clarify the time from which post-judgment action shall be commenced."  Lewis v. Emerson, 391 Mass. 517, 519 (1984).  See Zielinski v. Connecticut Valley Sanitary Waste Disposal, Inc., 70 Mass. App. Ct. 326, 330 (2007).  Because the point of the separate judgment rule is to enable the parties to ascertain when to file their notices of appeal and, here, both parties filed timely notices of appeal from the final judgments issued on February 28, 2024, there was no prejudice.

Indeed, Mass. R. A. P. 3 (c) (1) (D), as appearing in 491 Mass. 1601 (2023), provides that "the notice of appeal encompasses the final judgment, regardless of whether that judgment is set out in a separate document under [rule 58 (a)], if the notice designates" an order that adjudicates all claims between the parties.  This is not a case where a judgment issued as to "fewer than all the claims or the rights and liabilities of fewer than all the parties."  Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974).  See Business Interiors Floor Covering Business Trust v. Graycor Constr. Co., 494 Mass. 216, 228

(2024).  The landlord misplaces its reliance on a footnote in one such case, Bragdon v. Bradford O. Emerson, Inc., 19 Mass. App. Ct. 420, 423 n.3 (1985), in which we criticized the use of the word "judgment" to refer to such a "piecemeal" ruling, and suggested that "[i]n the future, . . . the term 'judgment' should be reserved by the trial court for a single document finally disposing of all claims."  We do not read that reference to a "single document" to preclude a trial court from disposing of all claims in two judgment documents, one for each party, issued simultaneously.

b.  Violation of consumer protection statute.  The landlord argues that the judge erred as a matter of law in concluding that the landlord's billing practices violated G. L. c. 93A, and in awarding to the tenant attorney's fees pursuant to G. L. c. 93A, § 9 (4), that were excessive.

The judge concluded that paragraph 21 of the lease, which permitted outstanding attorney's fees to be listed on the landlord's ledger, and paragraph 10, which deemed all outstanding payments to be treated as rent, were not necessarily unfair or deceptive.  However, the judge concluded, the way that the landlord applied those two paragraphs to the tenant's circumstances did result in an unfair or deceptive business practice.  The judge found that "[a]n egregious example" occurred when, prior to the second summary process proceeding,

the landlord served a notice to quit alleging that the tenant had not paid $2,794.53 rent for March and April 2015, when in fact the ledger showed that the tenant had paid rent, but the landlord had applied the payment to the disputed charges. The judge also found it "particularly disturbing" that, after the landlord informed the tenant that a $514 credit for the water damage from ice dams could be applied to the April 2015 rent, the landlord applied the remainder of the tenant's April 2015 rent payment to the disputed charges instead. We discern no abuse of discretion in the judge's conclusion that the landlord violated G. L. c. 93A, nor in her award of double damages. See Exhibit Source, Inc. v. Wells Ave. Business Ctr., LLC, 94 Mass. App. Ct. 497, 504 (2018).

Nor do we discern any abuse of discretion in the judge's conclusion that the tenant's rejection of the landlord's settlement offer did not preclude recovery of attorney's fees. The judge found that the tenant's rejection of the settlement offer was not unreasonable or in bad faith "to the degree that would prohibit the collection of attorney fees for the [tenant] to litigate the c. 93A claim." We defer to the judge's assessment. See Klairmont v. Gainsboro Restaurant, Inc., 465 Mass. 165, 184-185 (2013).[5]

---

[5] We see no merit to the landlord's argument that the judge erred in awarding damages after trial because the amount the

We similarly discern no abuse of discretion in the judge's computation of attorney's fees for the tenant. In a detailed memorandum, the judge applied the "lodestar" method, assessing the reasonableness of the tenant's counsel's hourly rate, counsel's expertise, the number of hours spent, and the complexity of the issues. See Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 284-285 (2020). See also Hyannis Anglers Club, Inc. v. Harris Warren Commercial Kitchens, LLC, 91 Mass. App. Ct. 555, 564 (2017) ("The 'lodestar' method is preferred . . ."). The judge found that "the issue raised in the [tenant's] c. 93A counterclaim was beyond the usual claims presented in . . . a summary process case." The judge did find that some of "the hours claimed by the [tenant] [were] excessive," and reduced the $81,880 amount the tenant requested to $49,128. The judge did not abuse her discretion.

3. Appellate attorney's fees for tenant. In her brief, the tenant requested appellate attorney's fees. "A party [who] prevails on a claim under G. L. c. 93A is statutorily entitled

tenant sought in her G. L. c. 93A demand letter was "exorbitant." The judge based her findings of a G. L. c. 93A violation on the evidence at trial, not on the demand letter. Cf. Fredericks v. Rosenblatt, 40 Mass. App. Ct. 713, 716 (1996) (judge erred in dismissing G. L. c. 93A claim on ground that amount in demand letter "totally [bore] no relationship whatsoever with regard to the damages established at the time of trial").

to recover reasonable appellate attorney's fees and costs with respect to the claims on which [she] prevailed." Fontaine v. Philip Morris USA Inc., 497 Mass. 436, 463 n.23 (2026). Because the tenant made such a request in her brief, she may file an application for appellate attorney's fees and costs with this court within fourteen days of the issuance of this opinion in accordance with the procedure described in Fabre v. Walton, 441 Mass. 9, 10-11 (2004). The landlord shall then have fourteen days within which to respond.

Conclusion. The judgments dated February 28, 2024, shall be amended to reinstate the original attorney's fees awards of $36,167.40 to the landlord and $49,128 to the tenant. As so amended, the judgments are affirmed.

So ordered.